UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY

|  |  |
|---|---|
| YANTAI ORIENTAL PROTEIN TECH CO., LTD., ET AL, | ) ) ) |
| Plaintiffs, | ) ) |
| ZHAOYUAN JUNBANG TRADING CO, LTD., ET AL, | ) ) |
| Consolidated Plaintiffs, | ) ) |
| KTL PHARMACEUTICAL CO., LIMITED | ) ) |
| Plaintiff-Intervenor, | ) ) |
| YANTAI T.FULL BIOTECH CO., LTD., | ) ) |
| Plaintiff-Intervenor, | ) Ct. No. 24-00181 |
| NURA USA, LLC, | ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant, | ) ) |
| PURIS PROTEINS, LLC D/B/A PURIS | ) ) |
| Defendant-Intervenor. | ) ) |

**ORDER**

Upon consideration of the Rule 56.2 Motion for Judgment on the Agency Record of Plaintiff-Intervenor Yantai T.Full Biotech Co. Ltd. ("T.Full"), and all other pleadings, papers and proceedings herein, it is hereby

**ORDERED**, that the Rule 56.2 Motion of T.Full is GRANTED, and it is further

1

**ORDERED**, that the decision of the U.S. Department of Commerce ("Commerce") in <u>Certain Pea Protein From the People's Republic of China: Final Affirmative Determination of Sales at Less than Fair Value and Final Affirmative Critical Circumstances Decision</u>, 89 Fed. Reg. 55,559 (Dep't of Commerce Jul. 5, 2024) is remanded to Commerce with instructions to find that Plaintiffs Yantai Zhongzhen Trading Co., Ltd. ("Zhongzhen") and Consolidated-Plaintiff Zhaoyuan Jungbang Trading Co., Ltd. qualified for a separate rate, calculate a separate rate for these companies, assign a revised separate rate to T.Full, and make a negative critical circumstances determination in accordance with the Court's opinion; and it is further

**ORDERED**, that Commerce shall provide the Court and parties with revised results within 60 days of this order. Parties shall have 30 days to submit briefs on the revised results to the Court. Responses to those briefs shall be filed within 15 days.

Dated: _____          _____
      New York, New York                                     Claire R. Kelly
                                                                 Judge

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY

| | |
|---|---|
| YANTAI ORIENTAL PROTEIN TECH CO., LTD., ET AL, | ) ) ) |
| Plaintiffs, | ) ) |
| ZHAOYUAN JUNBANG TRADING CO, LTD., ET AL, | ) ) |
| Consolidated Plaintiffs, | ) ) |
| KTL PHARMACEUTICAL CO., LIMITED | ) ) |
| Plaintiff-Intervenor, | ) ) |
| YANTAI T.FULL BIOTECH CO., LTD., | ) ) |
| Plaintiff-Intervenor, | ) Ct. No. 24-00181 |
| NURA USA, LLC, | ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant, | ) ) |
| PURIS PROTEINS, LLC D/B/A PURIS | ) ) |
| Defendant-Intervenor. | ) ) |

**RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD OF PLAINTIFF-INTERVENOR YANTAI T.FULL BIOTECH CO., LTD.**

Pursuant to Rule 56.2(c) of the Rules of the U.S. Court of International Trade, Plaintiff-Intervenor Yantai T.Full Biotech Co. Ltd., ("T.Full") hereby moves for judgment on the agency

record. T.Full challenges certain aspects of the Final Determination of Sales at Less Than Fair Value and Final Affirmative Critical Circumstances and the antidumping ("AD") and countervailing duty order on certain pea protein from the People's Republic of China as determined by the U.S. Department of Commerce ("Commerce").  See <u>Certain Pea Protein From the People's Republic of China: Final Affirmative Determination of Sales at Less than Fair Value and Final Affirmative Critical Circumstances Decision</u>, 89 Fed. Reg. 55,559 (Dep't of Commerce Jul. 5, 2024) ("Final Det."); <u>Certain Pea Protein From the People's Republic of China: Antidumping and Countervailing Duty Orders</u>, 89 Fed. Reg. 68,390 (Dept' of Commerce Aug. 26, 2024). Specifically, T.Full seeks judgment upon the agency record because, for the factual and legal reasons outlined in T.Full's Memorandum of Points and Authorities in support of this Motion, the record reflects that Commerce's actions, as set forth below, were not supported by substantial evidence and otherwise not in accordance with law.

T.Full respectfully requests that this Court remand the Final Determination to Commerce to correct the following:

1. Commerce's unlawful decision to deny a separate rate for Plaintiff Yantai Zhongzhen Trading Co., Ltd. ("Zhongzhen") and Consolidated-Plaintiff Zhaoyuan Jungbang Trading Co., Ltd. ("Jungbang") despite substantial evidence demonstrating that these companies were not <u>de jure</u> or <u>de facto</u> controlled by the Government of China.

2. Commerce's unlawful assignment of a punitive and uncorroborated 280.31% rate to Zhongzhen and the China-wide entity instead of using Zhongzhen's own data to calculate it a dumping margin.

3. Commerce's unlawful finding of critical circumstances using adverse facts available without considering the quantity and value data submitted by Zhongzhen.

2

4. Commerce's unlawful calculation of the separate rate for the non-selected companies, including T.Full, that does not reasonably reflect their sales practices.

Consistent with the points above, T.Full moves this Court for an order granting judgment on the agency record and remanding this case to Commerce to assign Plaintiff Zhongzhen and Consolidated-Plaintiff Jungbang separate rates, calculate dumping margins for Zhongzhen and Jungbang, assign T.Full a revised separate rate and make a negative critical circumstances determination. A proposed order is attached for the Court's consideration.

Dated: May 27, 2025

                                          Respectfully submitted,

                                          /s/ Jeffrey S. Grimson
                                          Jeffrey S. Grimson
                                          Kristin H. Mowry
                                          Bryan P. Cenko
                                          Clemence D. Kim
                                          Mowry & Grimson, PLLC
                                          5335 Wisconsin Ave., NW, Suite 810
                                          Washington, DC 20015
                                          202.688.3610 (ph)
                                          trade@mowrygrimson.com
                                          *Counsel to Yantai T. Full Biotech Co. Ltd.*

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY

| | |
|---|---|
| YANTAI ORIENTAL PROTEIN TECH CO., LTD., ET AL, <br><br> Plaintiffs, <br><br> ZHAOYUAN JUNBANG TRADING CO, LTD., ET AL, <br><br> Consolidated Plaintiffs, <br><br> KTL PHARMACEUTICAL CO., LIMITED <br><br> Plaintiff-Intervenor, <br><br> YANTAI T.FULL BIOTECH CO., LTD., <br><br> Plaintiff-Intervenor, <br><br> NURA USA, LLC, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> PURIS PROTEINS, LLC D/B/A PURIS <br><br> Defendant-Intervenor. | Ct. No. 24-00181 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD OF PLAINTIFF-INTERVENOR YANTAI T.FULL BIOTECH CO., LTD.**

|  |  |
|---|---|
|  | Jeffrey S. Grimson |
|  | Kristin H. Mowry |
|  | Bryan P. Cenko |
|  | Clemence D. Kim |
|  | Mowry & Grimson, PLLC |
|  | 5335 Wisconsin Ave., NW, Suite 810 |
|  | Washington, DC 20015 |
|  | 202.688.3610 (ph) |
|  | trade@mowrygrimson.com |
| Date: May 27, 2025 | *Counsel to Yantai T. Full Biotech Co. Ltd.* |

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... ii

ADMINISTRATIVE DETERMINATION UNDER REVIEW ........................................................ 1

ISSUES PRESENTED ................................................................................................................ 2

STATEMENT OF FACTS ........................................................................................................... 2

SUMMARY OF ARGUMENT ..................................................................................................... 2

STANDARD OF REVIEW .......................................................................................................... 2

ARGUMENT ............................................................................................................................. 2

CONCLUSION ........................................................................................................................... 3

**TABLE OF AUTHORITIES**

**Other Authorities**

Certain Pea Protein From the People's Republic of China: Antidumping and Countervailing Duty Orders, 89 Fed. Reg. 68,390 (Dept' of Commerce Aug. 26, 2024) ............................................. 2

Certain Pea Protein From the People's Republic of China: Final Affirmative Determination of Sales at Less than Fair Value and Final Affirmative Critical Circumstances Decision, 89 Fed. Reg. 55,559 (Dep't of Commerce Jul. 5, 2024) ............................................................................ 2

Pursuant to Rule 56.2(c) of the Rules of the U.S. Court of International Trade, Plaintiff-Intervenor Yantai T.Full Biotech Co. Ltd. ("T.Full"), a foreign producer and exporter of subject merchandise, hereby moves for judgement on the agency record.  T.Full supports and adopts the memoranda of law in support of the Rule 56.2 motions filed by Plaintiffs Yantai Oriental Protein Tech Co., Ltd., Yantai Zhongzhen Trading Co., Ltd. ("Zhongzhen"), Jiujiang Tiantai Food Co., Ltd. and Yantai Yiyuan Bioengineering Co., Ltd. and Consolidated Plaintiffs Zhaoyuan Junbang Trading Co., Ltd. ("Junbang"), Linyi Yuwang, Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., Fenchem Biotek Ltd., Jianyuan International Co., Ltd., Yosin Biotechnology (Yantai) Co., Ltd. and Yosin Import and Export (Yantai) Co., Ltd. and provides this memorandum to supplement the arguments therein consistent with the Court's March 24, 2025 scheduling order.  See Mem. of Law in S. of Pls.' Mot. For J. on the Agency Record (May 13, 2025) (Nonconfidential Version), ECF No. 47 ("Yantai's 56.2 Brief"); Mem. of Law in S. of the Rule 56.2 Mot. of Consolidated Pls.' Zhaoyuan Junbang Trading Co., Ltd., Linyi Yuwang, Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., Fenchem Biotek Ltd., Jianyuan International Co., Ltd., Yosin Biotechnology (Yantai) Co., Ltd. and Yosin Import and Export (Yantai) Co., Ltd. for J. Upon the Agency Record (May 13, 2025) (Nonconfidential Version), ECF No. 48-1 ("Jungbang's 56.2 Brief").

**ADMINISTRATIVE DETERMINATION UNDER REVIEW**

T.Full challenges certain aspects of the Final Determination in the antidumping duty investigation of certain pea protein from the People's Republic of China issued by the U.S. Department of Commerce ("Commerce").  See Certain Pea Protein From the People's Republic of China: Final Affirmative Determination of Sales at Less than Fair Value and Final Affirmative Critical Circumstances Decision, 89 Fed. Reg. 55,559 (Dep't of Commerce Jul. 5, 2024) ("Final

Determination") (P.R. 387) and accompanying Issues and Dec. Mem. (P.R. 386); <u>Certain Pea Protein From the People's Republic of China: Antidumping and Countervailing Duty Orders</u>, 89 Fed. Reg. 68,390 (Dept' of Commerce Aug. 26, 2024) (P.R. 390).

## ISSUES PRESENTED

T. Full agrees with and incorporates by reference the issues presented for review set forth in Yantai's and Jungang's memoranda of law in support of their Rule 56.2 motions.  <u>See</u> Yantai's 56.2 Br. at 1-2; Jungbang's 56.2 Br. at 2-3.

## STATEMENT OF FACTS

T. Full agrees with and incorporates by reference the statement of facts set forth in Yantai's and Jungang's memoranda of law in support of their Rule 56.2 motions.  <u>See</u> Yantai's 56.2 Br. at 3-13; Jungbang's 56.2 Br. at 4-5.

## SUMMARY OF ARGUMENT

T. Full agrees with and incorporates by reference the summaries of argument set forth in Yantai's and Jungang's memoranda of law in support of their Rule 56.2 motions.  <u>See</u> Yantai's 56.2 Br. at 13-16; Jungbang's 56.2 Br. at 3-4.

## STANDARD OF REVIEW

T. Full agrees with and incorporates by standards of review set forth in Yantai's and Jungang's memoranda of law in support of their Rule 56.2 motions.  <u>See</u> Yantai's 56.2 Br. at 2-3; Jungbang's 56.2 Br. at 5-7.

## ARGUMENT

T.Full agrees with and incorporates by reference the arguments set forth in Yantai's and Jungang's memoranda of law in support of their Rule 56.2 motions.  <u>See</u> Yantai's 56.2 Br. at 16-45; Jungbang's 56.2 Br. at 7-17.

**CONCLUSION**

For the reasons presented in Yantai's and Jungang's memoranda of law in support of their Rule 56.2 motions, and incorporated herein, Commerce's Final Determination was not supported by substantial evidence and was otherwise not in accordance with law. This Court should grant T.Full's motion for judgment on the agency record and remand the Final Determination to Commerce for a determination in accordance with the points of law outlined above and discussed in depth in Yantai's and Jungang's memoranda of law in support of their Rule 56.2 motions.

Dated: May 27, 2025                                         Respectfully submitted,

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Kristin H. Mowry
Bryan P. Cenko
Clemence D. Kim
Mowry & Grimson, PLLC
5335 Wisconsin Ave., NW, Suite 810
Washington, DC 20015
202.688.3610 (ph)
trade@mowrygrimson.com
*Counsel to Yantai T.Full Biotech Ltd.*

## CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures and the Scheduling Order to this case. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 632 words.

| | |
|---|---|
| Dated: May 27, 2025 | /s/ Jeffrey S. Grimson <br> Jeffrey S. Grimson <br> Mowry & Grimson, PLLC <br> 5335 Wisconsin Avenue, NW, Suite 810 <br> Washington, D.C. 20015 <br> 202-688-3610 <br> trade@mowrygrimson.com <br> *Counsel to Yantai T. Full Biotech Co. Ltd.* |