UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| YANTAI ORIENTAL PROTEIN TECH CO., LTD., et al.,<br><br>       Plaintiffs,<br><br>and<br><br>YANTAI T.FULL BIOTECH CO., LTD., et al.,<br><br>       Plaintiff-Intervenors,<br><br>    v.<br><br>UNITED STATES,<br><br>       Defendant,<br><br>and<br><br>PURIS PROTEINS, LLC, d/b/a PURIS,<br><br>       Defendant-Intervenor. | Consolidated Court<br>No. 24-00181 |

**DEFENDANT-INTERVENOR'S UNOPPOSED MOTION<br>FOR LEAVE TO INCREASE THE RESPONSE BRIEF<br>WORD COUNT LIMIT**

   Defendant-Intervenor Puris Proteins, LLC, d/b/a PURIS ("PURIS") respectfully moves for leave to increase the response brief word count limit by 1,000 words.  Currently, the word limit for Defendant-Intervenor's single brief in response to the Consolidated Plaintiffs' Memoranda in Support of their Rule 56.2 motions is 14,000 words, while each Plaintiff was individually allotted 14,000 words in support of their arguments.  The arguments raised by each of the Plaintiffs are fact-intensive and require a response that also is specific to facts on the record.  Accordingly, PURIS requests that the word count limit for its response brief be increased by 1,000 words to 15,000 words.

On January 21, 2026, counsel for the United States, Yantai Oriental Protein Tech Co., Ltd., Yantai Zhongzhen Trading Co., Ltd., Jiujiang Tiantai Food Co., Ltd., Yantai Yiyuan Bioengineering Co., Ltd., Yantai T.Full Biotech Co., Ltd., KTL Pharmaceutical Co., Limited, and NURA USA, LLC. consented to this motion. In addition, on January 21, 2026, counsel for Zhaoyuan Junbang Trading Co., Ltd., Linyi Yuwang Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., Fenchem Biotek Ltd., Yosin Biotechnology (Yantai) Co., Ltd., and Yosin Import and Export (Yantai) Co., Ltd. stated that they take no position and leave the decision to increase the word count to the discretion of the Court.

I.     DISCUSSION

Pursuant to the Court's standard Chambers Procedures, "{m}ovant's and respondent's briefs must not exceed 14,000 words." U.S. Ct. Int'l Trade, *Chambers Procedures* (rev. Jan. 2023), ¶ 2(B)(1)(a). However, leave to exceed those limitations will be "freely given" if the submitting party shows good cause. *See id*. at ¶ 2(B)(1)(c). The undersigned respectfully submits that good cause supports this request to exceed the word count limitation for Defendant-Intervenor's response brief.

On Friday, February 13, 2026, Defendant-Intervenor, PURIS will respond to the arguments set forth by Yantai Oriental Protein Tech Co., Ltd., Yantai Zhongzhen Trading Co., Ltd. and Jiujiang Taintai Food Co., Ltd. (collectively Zhongzhen), as well as Zhaoyuan Junbang Trade Co, Ltd. ("Junbang"), Linyi Yuwang Vegetable Protein Co., Ltd., Shandong Yuwang Ecological Food Industry Co., Ltd., Fenchem Biotek Ltd., Jianyuan International Co., Ltd., Yosin Biotechnology (Yantai) Co., Ltd., Yosin Import and Export (Yantai) Co., Ltd., and Yantai T. Full Biotech Co., Ltd. in their Rule 56.2 Motions for Judgement upon the agency record. ECF Nos. 47, 48 & 53. While there is some overlap between the legal arguments raised by the

Consolidated Plaintiffs, each relies heavily on facts on the record that are unique to its particular situation in the underlying less-than-fair-value investigation. Accordingly, PURIS requests a sufficient number of words to adequately respond to the Plaintiffs' fact-specific arguments.

The undersigned have worked diligently to be as efficient in the drafting of the response brief as possible, but certain arguments raised by the Consolidated Plaintiffs pertain to complicated factual relations between multiple sets of individuals, organizations, and governmental entities, and Commerce's determination to not apply separate rates in the challenged investigation. We have concluded that the addition of 1,000 words to the word count would assist in preparing an adequate response to the Rule 56.2 motions. PURIS believes that if it is granted the opportunity to use 15,000 words, rather than 14,000 words, that word count should be sufficient to respond to the arguments raised by the Consolidated Plaintiffs.

## II.   CONCLUSION

For the reasons discussed above, we respectfully request that this Court grant this Unopposed Motion for Leave to Increase the Word Count Limit for Defendant Intervenor's Response Brief. A proposed Order is attached for the Court's consideration.

Respectfully Submitted,

*/s/ Adam H. Gordon*
Adam H. Gordon, Esq.
Benjamin J. Bay, Esq.
Scott D. McBride, Esq.
**THE BRISTOL GROUP PLLC**
1707 L Street NW
Suite 1050
Washington, DC 20036
Tel: (202) 991-2701
Email: adam.gordon@bristolgrouplaw.com
*Counsel to Defendant-Intervenor Puris Proteins, LLC, d/b/a PURIS*

Date:  January 22, 2026